IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD BUSH, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-5123 |
| : | |
| CITY OF PHILADELPHIA, *et al.* : | |
|     Defendants. : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                                **FEBRUARY 14, 2023**

*Pro se* Plaintiff Gerald Bush has filed a Complaint using the Court's form for individuals seeking to assert federal constitutional law claims pursuant to 42 U.S.C. § 1983.[1] Named as Defendants are the City of Philadelphia and the Philadelphia Redevelopment Authority ("PRA"). Bush also seeks leave to proceed with this case without paying the filing fee. (*See* ECF No. 4.) For the following reasons, Bush's request to proceed *in forma pauperis* will be granted, his Complaint will be dismissed with prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and he will be directed to show cause why he should not be enjoined from filing similar cases in the future.[2]

**I.        FACTUAL ALLEGATIONS**

Briefly stated, Bush alleges constitutional claims for a due process violation and a violation of the Takings Clause of the Fifth Amendment against the City and PRA concerning a property

---

[1] Bush also appended his own typewritten complaint and exhibits to the form Complaint. (*See* ECF No. 1 ("Compl") at 7-9.) The entire pleading will be referred to as the Complaint in this matter. The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Also before the Court are Bush's Motion to the Court (ECF No. 7) and the PRA's Motion to Dismiss (ECF No. 8.) Bush's Motion to the Court will be denied. The PRA's Motion will be dismissed as moot in light of the disposition of Bush's claims as set forth herein. *See infra* n.3.

located at 5108 Chester Avenue in the City of Philadelphia. (Compl at 2-3, 7-8.) This is not the first time he has sued the City, the PRA, or PRA employees concerning the property. *See Bush v. Philadelphia. Redev. Auth.*, 822 F. App'x 131 (3d Cir. 2020) (providing litigation history dating to 2003). Bush filed that case in 2018 in this Court as Civil Action No. 18-5659, asserting claims under § 1983 for violation of the Takings Clause, as well as claims under the Freedom of Information Act, the Internal Revenue Code, and the Quiet Title Act. He also asserted claims under Pennsylvania law for fraud, breach of contract and other claims.

Following dismissal of his claims by this Court and the imposition of a prefiling injunction, Bush appealed to the United States Court of Appeals for the Third Circuit. In its decision affirming the dismissal, the Court recounted that Bush's litigation over the property:

> began in 2003 when the Philadelphia Redevelopment Authority ("PRA") filed a condemnation action and declaration of taking of the property under Pennsylvania's Eminent Domain Code. (Phila. Cty. Ct. Com. Pl., April Term 2003, No. 030401046.) As a result of that action, the PRA took ownership of the property from its previous record owner (one Michael James). Bush, however, remained in possession of the property and refused to vacate it. Thus, in March 2019, the PRA obtained an order awarding it possession. Bush filed a motion for reconsideration in which he claimed, inter alia, that he owned the property pursuant to a prior agreement with the City of Philadelphia. The trial court denied that motion, and Bush did not appeal.
>
> Instead, four days later, Bush filed two state-court actions of his own against the PRA concerning the property. (Phila. Cty. Ct. Com. Pl., May Term 2019, Nos. 190502059 & 190501957.) In the first, he claimed that the PRA's actions interfered with his alleged agreement with the City. In the second, he sought to quiet title to the property. In each action, the trial court sustained the PRA's preliminary objections and dismissed Bush's complaint with prejudice. Bush again did not appeal. (Bush has filed at least three other state-court actions against the PRA raising allegations regarding his interest in the property, but they are not material to our disposition.)
>
> About three months after both proceedings concluded, Bush filed pro se the civil action at issue here. He filed suit under 42 U.S.C. § 1983 and named as defendants the PRA and two of its employees. In Bush's complaint and supplemental filings, he repeated his claim that he has an interest in the property by virtue of his alleged agreement with the City. Bush sought compensation for

> the PRA's taking of that alleged interest under the Takings Clause of the Fifth Amendment. He also alleged that the PRA destroyed or refused to disclose documents memorializing that alleged agreement. In addition, Bush asserted other claims under federal law and state law.

*Bush*, 822 F. App'x at 132-33 (footnote omitted). The Third Circuit affirmed this Court's decision that Bush's claims were barred by *res judicata*, also called claim preclusion, by reason of the judgments in Bush's state-court contract and quiet-title actions. *Id.* at 134. The Third Circuit also stated with regard to the prefiling injunction imposed on Bush that:

> Despite our affirmance of that injunction, Bush's continued filings in other cases prompted us just last year to caution him that, "if he continues to file repetitive, meritless, vexatious, or frivolous submissions," we will consider imposing sanctions of our own. *Bush v. City of Phila.*, 765 F. App'x 843, 848 (3d Cir. 2019). We repeat that warning here.

*Bush*, 822 F. App'x at 136. Nonetheless, because the prefiling injunction imposed in Civ. A. No. 18-5659, which barred any additional claims brought under § 1983, was determined to be overbroad, that part of the dismissal order was vacated with the Third Circuit stating it "express[es] no opinion on whether [imposing a broader injunction] might be warranted. Regardless of what the District Court does on remand, however, Bush should not take our ruling as license to file repetitive claims." *Id.*, 82 F. App'x at 136.

Not heeding that advice, Bush again sued the City, the PRA, and PRA employees in 2020 about the property. In *Bush v. Labrum*, No. 20-5631, the Court dismissed Bush's Complaint against the City, the PRA, PRA employees, the Commonwealth, and Commonwealth employees. (*Id*. ECF Nos. 6, 7.) The Court again directed Bush to show cause why he should not be enjoined from filing similar claims. (*Id*.) The Court later denied Bush's motion to amend his complaint, *Bush v. Labrum*, 2022 WL 4225633 (E.D. Pa. Sept. 13, 2022), but took no further action on enjoining him at that time.

In his new Complaint, Bush again asserts that "City Council Office in Philadelphia give me a property interest by allowing me to work for ownership of property. [PRA] took the property interest of 19 years of labor and did not pay for the taking." (Compl. at 2.) He seeks compensation for the taking. (*Id*. at 3.) In the typewritten portion of his Complaint, he appears to rely on the fact that the Court never entered a new injunction following the entry of the show cause order in Civil Action No. 20-5631 and cites cases about the Takings Clause. (Compl. at 7-8.)

## II.   STANDARD OF REVIEW

Because Bush is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is malicious. "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). As Bush is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

Bush's Complaint is clearly malicious since he seeks to raise the same claims previously dismissed with prejudice in Civil Action No. 18-5659 and Civil Action No. 20-5631. It is, therefore, similarly barred by *res judicata*. Claims are barred by *res judicata* where there is: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3)

4

a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (quoting *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (internal quotation marks and citation omitted). "The doctrine of *res judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought." *Id.* As each of these elements are clearly satisfied, the Complaint is dismissed as legally baseless.[3]

As the status of the prefiling injunction proposed but never entered in Civil Action No. 20-5631 has not been resolved, and it appears that Bush assumes that the lack of action on reimposing a prefiling injunction somehow permits him to file the same claim for yet another time, the Court will resolve the issue here. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v.*

---

[3] Because the case is dismissed on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B), the motion to dismiss the case filed by the PRA (ECF No. 8) will be dismissed as moot. Bush's "Motion to the Court," which appears to seek the appointment of counsel (ECF No. 7), will be denied for the same reason.

5

*McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987).  Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court."  *Brow*, 994 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

Bush's litigious conduct with regard to the property that is the subject of this case has been fully documented by this Court as well as the Third Circuit.  His filing of meritless and repetitive cases has been abusive in the extreme and provides the basis for concluding that exigent circumstances exist.  This Memorandum and the attached Order serve to give Bush notice to show cause why a prefiling injunction should not issue.  Finally, the scope of the proposed injunction will be narrowly tailored to claims involving Bush's alleged ownership or other interest in the property located at 5108 Chester Avenue in the City of Philadelphia and brought against the PRA and/or its employees.

An appropriate Order follows.

        **BY THE COURT:**

        */s/ John Milton Younge*
        **JUDGE JOHN MILTON YOUNGE**