IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD BUSH,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-5123** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                                   **JULY 25, 2023**

Currently before the Court is *pro se* Plaintiff Gerald Bush's response to the Court's Order that he show cause why the Court should not enjoin him from filing further claims against the City of Philadelphia ("City"), the Philadelphia Redevelopment Authority ("PRA") and/or its employees based on Bush's alleged ownership or other interest in the property located at 5108 Chester Avenue in the City of Philadelphia. ("Resp. I" and "Resp. II" (ECF Nos. 12, 13)). Also before the Court are Bush's "Supplemental Amendment in Support of Show Cause Order" ("Supplemental Amendment" (ECF No. 14)), his "Motion to Amend Exhibit" (ECF No. 15), a "Motion to Submit Account Number" (ECF No. 16), and a "Writ of Mandamus" (ECF No. 17).[1] Bush's Motion to Amend Exhibit and Motion to Submit Account Number will be granted. Bush's request for a Writ of Mandamus will be stricken.[2] For the following reasons, the Court

---

[1] The Motion to Amend Exhibit requests leave to file an open letter dated November 5, 2018 from the City of Philadelphia Office of Administrative Review regarding the 5108 Chester Avenue property. (ECF No. 15.) The letter reflects that, at the time the letter was written, Bush was not the owner of record of the property. (*Id.*) The Motion to Submit Account Number requests leave to file a letter dated March 20, 2023 from the City of Philadelphia Office of Administrative Review to Bush acknowledging receipt of a petition that appears to concern property taxes for the 5108 Chester Avenue property. (ECF No. 16.)

[2] Bush's request for mandamus relief is not signed. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at

will enjoin Bush from filing any further claims against the City, the PRA, and/or its employees based on Bush's alleged ownership or other interest in the property located at 5108 Chester Avenue in the City of Philadelphia.

I. **THE COURT'S ORDER TO SHOW CAUSE AND BUSH'S RESPONSE**[3]

  A. **The Court's Show Cause Order**

Upon screening Bush's Complaint, the Court granted Bush leave to proceed *in forma pauperis* and dismissed his Complaint as malicious. *Bush v. City of Philadelphia*, No. 22-5123, 2023 WL 1993668, at *1 (E.D. Pa. Feb. 14, 2023). In so doing, the Court noted that Bush had previously – and unsuccessfully – asserted the same or similar claims against the same Defendants on more than one occasion. *Id.* The Court incorporates by reference its discussion of Bush's repeated unsuccessful efforts to obtain relief in this Court and in state court. *See id.* at *1-*2.[4]

Focusing on the newly filed Complaint, the Court noted that Bush again asserted that "City Council Office in Philadelphia give me a property interest by allowing me to work for ownership of property. [PRA] took the property interest of 19 years of labor and did not pay for

---

least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)). In any event, the request, that the Court be required to promptly address Bush's response to the show cause order, is moot in light of this Memorandum and the accompanying Order.

[3] The Court refers to both Responses filed by Bush. (ECF Nos. 12, 13.) The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] Bush previously sued the City, the PRA and PRA employees concerning this property. *See Bush v. Phila. Redev. Auth.*, No. 18-5659 (asserting § 1983 claims for violation of the Takings Clause, claims under the Freedom of Information Act, the Internal Revenue Code, and the Quiet Title Act, and related state law claims); *Bush v. Labrum*, No. 20-5631 (asserting similar claims against the City, the PRA, and PRA employees).

the taking," and that he again sought compensation for the alleged taking. *Id.* at *2. The Court also noted that Bush referred to the fact that the Court never entered a new injunction following the entry of a show cause order in Civil Action No. 20-5631, seemingly considering that as tacit permission to relitigate previously unsuccessful claims. *Id.*

Upon review, the Court found that Bush's Complaint sought to raise the same claims previously dismissed with prejudice in Civil Action No. 18-5659 and Civil Action No. 20-5631. *Id.* at *3. As such, the Court found the newly filed Complaint to be barred by *res judicata*. *Id.* (citations omitted). The Court, accordingly, dismissed the Complaint as legally baseless and malicious. *Id.*

The Court next turned to the prefiling injunction proposed but never entered in Civil Action No. 20-5631. *Id.* The Court noted the availability of a prefiling injunction in certain cases and examined the limitations on the availability of the remedy. *Id.* at *3. The Court determined that the current case presented circumstances appropriate for the imposition of a prefiling injunction, crafted a proposed narrowly tailored injunction, and provided Bush with notice and an opportunity to show cause why the proposed injunction should not issue. The Order and Memorandum were entered (ECF Nos. 9, 10), and Bush timely responded. (ECF Nos. 12, 13, 14.)

**B.      Bush's Response to the Show Cause Order**

In his first Response, Bush repeats his underlying claim, asserting that he should not be enjoined from filing claims because he has not received compensation for the unlawful taking of his property. (Resp. I at 1.) Bush identifies his labor over 19 years as a property interest for which he was not compensated, and which the Defendants allegedly took by demolishing the property in 2020. (*Id.* at 2, 3.)

Bush also identifies an ownership interest in the property arising from an agreement with the City and evidenced by emails received from the Defendants. (*Id.* at 4.) Bush references statements made by the Defendants refuting his ownership of the property (*id.* at 2) and refers the Court to numerous exhibits attached to his Response that allegedly evidence his ownership interest in the property. (*Id.*) *See* Resp. I at 6-61 (correspondence from City, some addressed to Bush, addressing code violations at property; Court of Common Pleas Orders entered in state-court actions concerning the property; e-mails concerning ownership of the property; utility account statements; excerpts from the decision of the United States Court of Appeals for the Third Circuit in *Bush v. Phila. Redev. Auth.*, No. 19-3047; photos allegedly depicting the property; permits related to the property; and property value estimates).

Bush argues that changes in the law require the application of equitable tolling to his Fifth Amendment claim. Resp. at 2. He asserts that his claim for non-possessory rights in the property was not ripe at the time the District Court dismissed his claims in *Bush v. Phila. Redev. Auth.*, No. 18-5659.[5] Bush also asserts that he is entitled to reasonable moving expenses under the Housing Act of 1949, which provides for payment of necessary relocation expenses resulting from displacement by federally assisted Urban Renewal Projects.[6] (Resp. I at 5.)

---

[5] The Court notes that Bush's claims in that case were not dismissed on statute of limitations grounds, but because Bush had failed to state a federal claim. *See Bush v. Phila. Redev. Auth.*, 822 F. App'x. 131, 134-35 (3d Cir. 2020).

[6] Bush does not explain why this claim was not raised previously and is not barred by *res judicata*. Additionally, Bush does not allege that he himself was living in the property at issue. To the contrary, he includes in his Exhibits a license indicating he was renting the property and that it was tenant-occupied. *See* Resp. I at 20.

4

Bush filed a second Response to the show cause order, repeating assertions included in his first Response.  Exhibits attached to the second Response include several Notices to Vacate the property.  (*See* Resp. II at 4-11)

In addition to the Responses, Bush filed a Supplemental Amendment.  (ECF No. 14.)  In his Supplemental Amendment, Bush argues that the Defendants owed him a special duty of care as a result of the special relationship they created with him when, in 2003, they allowed him to take possession of the property abandoned by the Redevelopment Authority through the Abatement Program.  (Resp. II at 1.)  He asserts that the Defendants breached their duty of care to him when they sought to transfer the property to another individual in 2016.  (*Id.* at 2.)  He also repeats that he is owed compensation for the property interest he holds in the labor he performed on the property, for which he was not compensated.  (*Id.*)

## II.   DISCUSSION

At issue is whether Bush has adequately shown that he should be permitted to pursue further claims against the City and PRA and its employees seeking recovery for alleged due process violations and violations of the Takings Clause arising from his alleged ownership or other interest in a property located at 5108 Chester Avenue in the City of Philadelphia.  For the following reasons, the Court concludes that he has not, and will order that Bush be enjoined as set forth in the show cause order.

As the Court noted in its prior Memorandum, the All Writs Act, 28 U.S.C. § 1651(a), permits district courts to enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).  In order to protect a litigant's rights to due process and access to the courts, injunctions should not be imposed absent exigent circumstances, which include repetitive and abusive use of

the judicial system, should be narrowly tailored to address the specific circumstances presented in a particular case, and may only be imposed after the litigant has been provided notice and an opportunity to show cause why the injunction should not be imposed. *Bush*, 2023 WL 1993668, at *3 (citations omitted).

The proposed injunction in this case and the manner of its imposition satisfy the above criteria. As stated in the Court's earlier Memorandum:

> Bush's litigious conduct with regard to the property that is the subject of this case has been fully documented by this Court as well as the Third Circuit. His filing of meritless and repetitive cases has been abusive in the extreme and provides the basis for concluding that exigent circumstances exist. This Memorandum and the attached Order serve to give Bush notice to show cause why a prefiling injunction should not issue. Finally, the scope of the proposed injunction will be narrowly tailored to claims involving Bush's alleged ownership or other interest in the property located at 5108 Chester Avenue in the City of Philadelphia and brought against the PRA and/or its employees.

*Id.* at *4.

In his responses, rather than explaining how the Court's proposed injunction fails to satisfy the applicable procedural and substantive requirements, or why he should be permitted to pursue repetitive, previously unsuccessful claims, Bush merely repeats arguments he has previously advanced and that have been rejected – namely, that he has an ownership interest in the property in question that the named Defendants have taken from him without due process.

Merely rearguing the merits of his previously unsuccessful claims does not show cause why the injunction should not be entered. It is further reason why the injunction is needed to prevent Bush from continuing to assert claims that have been fairly and finally rejected on their merits. Bush has failed to provide adequate reasons for the Court to refrain from imposing the prefiling injunction described in the show cause order.

**III.   CONCLUSION**

Bush has failed to show cause why the proposed prefiling injunction should not issue and, accordingly, he will be enjoined from filing further cases as set forth in the show cause order.  An appropriate Order follows.

    **IT IS SO ORDERED.**

                                  **BY THE COURT:**

                                  */s/ John Milton Younge*
                              **JUDGE JOHN MILTON YOUNGE**